We concur: Sanderson, C. J.; Shafter, J.; Rhodes, J.; Currey, J.

---

ADOLPH A. SON, Respondent, v. BROPHY, Appellant.

No. 619; November 6, 1865.

**Bills and Notes—Bona Fide Holder—Counterclaim.**—In an action on a note, indorsed in blank and transferred for value before maturity to the plaintiff, the maker cannot set up by way of counterclaim a claim against an intermediate holder of the note assigned to the defendant after the note came into the plaintiff's hands.

SHAFTER, J.—The note for the collection of which this action is brought was executed by defendant payable to

Robert Smith or order, and was delivered by Smith, indorsed in blank, to Albert Son, the plaintiff's brother, on the 23d of February, 1864, the day of its date. Albert delivered the note on the same day to one Brown, the plaintiff's agent. The consideration of the note was a loan of five hundred dollars negotiated by Albert Son during the absence of the plaintiff from the state. The note fell due on the 22d of March ensuing its date.

The defendant, two days before the note matured, took an assignment from Smith of a claim in his favor against Albert Son, growing out of a certain broker's contract between the two, which claim was set up by the defendant in his answer by way of setoff. The plea alleges that the note became the property of Albert Son by delivery to him by the payee the day it bears date, and that Albert transferred it to the plaintiff after the assignment of the counterclaim to the defendant and subsequent to the maturity of the note. All of the evidence offered by the defendant upon the subject of Albert's relations to the note was received, but the court has found the money loaned was the property of the plaintiff; that the note was taken for his advantage, and that the legal title to it vested in him by direct delivery from Smith under the blank indorsement. On all these points there was little or no conflict in the testimony. The findings are, of course, fatal to the counterclaim as presented in the answer.

The case is argued for the appellant upon the hypothesis that the evidence tended to prove that the plaintiff had allowed his brother to deal with his, the plaintiff's, property as his own, and to acquire a false credit thereby, and that the defendant on the faith of these appearances, invested in the claim assigned to him by Smith, with a view to offset it against the note; but the evidence of the defendant had no tendency to prove such a state of facts, and even if it had, it is very doubtful whether it could be considered as supporting the counterclaim of the answer.

Judgment affirmed.

We concur: Sanderson, C. J.; Sawyer, J.; Rhodes, J.; Currey, J.